1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone:  (213) 430-3400
12 Facsimile:  (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                     SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX              )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND        )
20 PRODUCTS LIABILITY LITIGATION         )  CASE NO. 3:07-cv-02724-CRB
                                         )
21 *This document relates to*            )
                                         )  **PFIZER INC., PHARMACIA**
22 ENID R. FARKAS,                       )  **CORPORATION, AND G.D.**
                                         )  **SEARLE LLC'S ANSWER TO**
                 Plaintiff,              )  **COMPLAINT**
23                                       )
                                         )
24            vs.                        )  **JURY DEMAND ENDORSED**
                                         )  **HEREIN**
25 PFIZER, INC., PHARMACIA CORPORATION,  )
   and G.D. SEARLE LLC, (FKA G.D. SEARLE &)
26 CO.),                                 )
                                         )
27              Defendants.              )
                                         )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-1-

1      NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2   "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3   ("Searle"), (collectively "Defendants") and file this Answer to Plaintiff's Complaint

4   ("Complaint"), and would respectfully show the Court as follows:

5                                          **I.**

6                         **PRELIMINARY STATEMENT**

7      The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8   Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

9   generally.   Defendants may seek leave to amend this Answer when discovery reveals the

10  specific time periods in which Plaintiff was prescribed and used Celebrex®.

11                                         **II.**

12                                     **ANSWER**

13     Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14  Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny

15  that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain periods

16  of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

17  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18  with their approval by the FDA.   Defendants admit that, during certain periods of time,

19  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

20  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

21  providers who are by law authorized to prescribe drugs in accordance with their approval by the

22  FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Celebrex® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

27  and deny the remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and marital status, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Puerto Rico, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including Puerto Rico and California, to be prescribed by

1    healthcare providers who are by law authorized to prescribe drugs in accordance with their

2    approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the

3    Complaint.

4    5.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

6    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

7    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

8    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

9    Celebrex® in the United States to be prescribed by healthcare providers who are by law

10   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

11   that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

12   and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

13   paragraph of the Complaint.

14   6.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

16   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

17   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

18   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

19   Celebrex® in the United States to be prescribed by healthcare providers who are by law

20   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

21   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

22   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

23   adequately described in its FDA-approved prescribing information, which was at all times

24   adequate and comported with applicable standards of care and law.  Defendants deny any

25   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

26   7.        Defendants state that the allegations in this paragraph of the Complaint regarding

27   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

28   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2    **Response to Allegations Regarding Jurisdiction and Venue**

3    8.    Defendants are without knowledge or information to form a belief as to the truth of the

4    allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount

5    in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims

6    that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

7    interests and costs.

8    9.    Defendants are without knowledge or information to form a belief as to the truth of the

9    allegations in this paragraph of the Complaint regarding the judicial district in which the

10   asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex®

11   was and is safe and effective when used in accordance with its FDA-approved prescribing

12   information.  Defendants deny committing a tort in the State of Florida or the State of

13   California and deny the remaining allegations in this paragraph of the Complaint.

14   10.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15   and co-promoted Celebrex® in the United States, including Puerto Rico and California, to be

16   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

17   with their approval by the FDA.  Defendants admit that, during certain periods of time,

18   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

19   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

20   providers who are by law authorized to prescribe drugs in accordance with their approval by the

21   FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in

22   the States of Puerto Rico and California.  Defendants state that the allegations in this paragraph

23   of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

24   are without knowledge or information sufficient to form a belief as to the truth of such

25   allegations, and, therefore, deny the same.  Defendants deny committing a tort in Puerto Rico or

26   the States of Florida or California and deny the remaining allegations in this paragraph of the

27   Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Interdistrict Assignment**

11.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition or whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

19.     Defendants state that the allegations in this paragraph of the Complaint are not directed

1   towards Defendants and, therefore, no response is required.  To the extent that a response is

2   deemed required, Defendants state that Plaintiff fails to provide the proper context for the

3   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

4   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

5   20.    Defendants state that the allegations in this paragraph of the Complaint are not directed

6   towards Defendants and, therefore, no response is required.  To the extent that a response is

7   deemed required, Defendants state that Plaintiff fails to provide the proper context for the

8   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

9   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

10  21.    Defendants state that the allegations in this paragraph of the Complaint are not directed

11  towards Defendants and, therefore, no response is required.  To the extent that a response is

12  deemed required, Defendants state that Plaintiff fails to provide the proper context for the

13  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

14  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

15  22.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

16  pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

17  required.  To the extent a response is deemed required, Defendants state that, as stated in the

18  FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

19  be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

20  (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

21  cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiff fails to provide the proper context for the

22  remaining allegations in this paragraph and Defendants therefore lack sufficient information or

23  knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

24  allegations in this paragraph of the Complaint.

25  23.    Defendants state that the allegations in this paragraph of the Complaint regarding

26  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

27  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

28  the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

2    primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

3    humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants

4    state that Celebrex® was and is safe and effective when used in accordance with its FDA-

5    approved prescribing information. Defendants state that the potential effects of Celebrex®

6    were and are adequately described in its FDA-approved prescribing information, which was at

7    all times adequate and comported with applicable standards of care and law. Defendants deny

8    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

9    24.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

10   Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted

11   approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

12   osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

13   Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

14   reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

15   ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny

16   the remaining allegations in this paragraph of the Complaint.

17   25.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit

18   that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

19   Celebrex® in the United States to be prescribed by healthcare providers who are by law

20   authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

21   that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

22   which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

23   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

24   accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe

25   and effective when used in accordance with its FDA-approved prescribing information.

26   Defendants state that the potential effects of Celebrex® were and are adequately described in its

27   FDA-approved prescribing information, which was at all times adequate and comported with

28   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   remaining allegations in this paragraph of the Complaint.

2   26.    Defendants state that the referenced article speaks for itself and respectfully refer the

3   Court to the article for its actual language and text.  Any attempt to characterize the article is

4   denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

6   this paragraph of the Complaint.

7   27.    Defendants state that the referenced article speaks for itself and respectfully refer the

8   Court to the article for its actual language and text.  Any attempt to characterize the article is

9   denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

11  this paragraph of the Complaint.

12  28.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer

13  the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

14  FDA Update is denied.  Defendants deny the remaining allegations in this paragraph of the

15  Complaint.

16  29.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  30.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  31.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

28  on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the FDA Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

paragraph of the Complaint.

38.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

41.     Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

43.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

44.     Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

45.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

48.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

49.     Defendants admit that there was a clinical trial called PreSAP.  Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

1    remaining allegations in this paragraph of the Complaint.

2    50.    Defendants state that the referenced article speaks for itself and respectfully refer the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5    51.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

6    Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

7    therefore lack sufficient information or knowledge to form a belief as to the truth of such

8    allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

9    themselves and respectfully refer the Court to the studies for their actual language and text.

10   Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

11   this paragraph of the Complaint.

12   52.    Defendants state that the referenced Medical Officer Review speaks for itself and

13   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

14   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

15   allegations in this paragraph of the Complaint.

16   53.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

17   are not directed toward Defendants, and therefore no response is required.  To the extent that a

18   response is deemed required, Plaintiff fails to provide the proper context for the allegations in

19   this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.

20   Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

21   such allegations and, therefore, deny the same.  Defendants state that the referenced study

22   speaks for itself and respectfully refer the Court to the study for its actual language and text.

23   Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in

24   this paragraph of the Complaint.

25   54.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

26   Complaint are not directed toward Defendants, and therefore no response is required.  To the

27   extent that a response is deemed required, Plaintiff fails to provide the proper context for the

28   allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

55.     Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

56.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

57.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

58.     Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

59.     Defendants deny the allegations in this paragraph of the Complaint.

60.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

61.    Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

62.    Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

63.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

64.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

65.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000.  Defendants state that the referenced letters speak for themselves and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    respectfully refer the Court to the letters for their actual language and text.  Any attempt to

2    characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

3    of the Complaint.

4    66.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

5    Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

6    the letter for its actual language and text.  Any attempt to characterize the letter is denied.

7    Defendants deny the remaining allegations in this paragraph of the Complaint.

8    67.    Defendants state that the referenced article speaks for itself and respectfully refer the

9    Court to the article for its actual language and text.  Any attempt to characterize the article is

10   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11   68.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

12   Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

13   the letter for its actual language and text.  Any attempt to characterize the letter is denied.

14   Defendants deny the remaining allegations in this paragraph of the Complaint.

15   69.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16   with its FDA-approved prescribing information.  Defendants state that the potential effects of

17   Celebrex® were and are adequately described in its FDA-approved prescribing information,

18   which was at all times adequate and comported with applicable standards of care and law.

19   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

20   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

21   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

22   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

23   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

24   United States to be prescribed by healthcare providers who are by law authorized to prescribe

25   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

26   allegations in this paragraph of the Complaint.

27   70.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:07-cv-02724-CRB

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

72.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

75.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants deny the allegations in this paragraph of the Complaint.

77.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

80.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

ANSWER TO COMPLAINT – 3:07-cv-02724-CRB

1    Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

2    remaining allegations in this paragraph of the Complaint.

3    81.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® are and were adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    82.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Celebrex® are and were adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

14   the study for its actual language and text.  Any attempt to characterize the study is denied.

15   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16   the Complaint.

17   83.    Defendants deny any wrongful conduct and deny the remaining allegations in this

18   paragraph of the Complaint.

19   84.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Celebrex® are and were adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26   remaining allegations in this paragraph of the Complaint.

27   **Response to First Cause of Action: Negligence**

28   85.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Complaint as if fully set forth herein.

2    86.    Defendants state that this paragraph of the Complaint contains legal contentions to

3    which no response is required.  To the extent that a response is deemed required, Defendants

4    admit that they had duties as are imposed by law but deny having breached such duties.

5    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

6    FDA-approved prescribing information.    Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10   the Complaint.

11   87.    Defendants state that this paragraph of the Complaint contains legal contentions to

12   which no response is required.  To the extent that a response is deemed required, Defendants

13   admit that they had duties as are imposed by law but deny having breached such duties.

14   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

15   FDA-approved prescribing information.    Defendants state that the potential effects of

16   Celebrex® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint.

20   88.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.  Defendants

24   state that the potential effects of Celebrex® were and are adequately described in its FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27   remaining allegations in this paragraph of the Complaint, including all subparts.

28   89.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

3   effective when used in accordance with its FDA-approved prescribing information.  Defendants

4   state that the potential effects of Celebrex® were and are adequately described in its FDA-

5   approved prescribing information, which was at all times adequate and comported with

6   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

7   remaining allegations in this paragraph of the Complaint.

8   90.     Defendants state that Celebrex® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13  the Complaint.

14  91.     Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  state that the potential effects of Celebrex® were and are adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

21  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

22  paragraph of the Complaint.

23  92.     Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

25  conditions and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

26  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

27  the remaining allegations in this paragraph of the Complaint.

28  93.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    94.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    95.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6                    **Response to Second Cause of Action: Strict Liability**

7    96.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

8    Complaint as if fully set forth herein.

9    97.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11   Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

12   time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

13   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

14   with their approval by the FDA.  Defendants admit that, during certain periods of time,

15   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

16   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

17   providers who are by law authorized to prescribe drugs in accordance with their approval by the

18   FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

19   consumers without substantial change from the time of sale.  Defendants deny the remaining

20   allegations in this paragraph of the Complaint.

21   98.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Celebrex® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny the remaining allegations in this paragraph of the Complaint.

26   99.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

3   remaining allegations in this paragraph of the Complaint.

4   100.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Celebrex® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

9   remaining allegations in this paragraph of the Complaint, including all subparts..

10  101.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13  effective when used in accordance with its FDA-approved prescribing information.  Defendants

14  state that the potential effects of Celebrex® were and are adequately described in its FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

17  Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

18  remaining allegations in this paragraph of the Complaint.

19  102.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

24  remaining allegations in this paragraph of the Complaint.

25  103.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  state that the potential effects of Celebrex® were and are adequately described in its FDA-

2  approved prescribing information, which was at all times adequate and comported with

3  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

4  Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

5  remaining allegations in this paragraph of the Complaint.

6  104.    Defendants state that Celebrex® was and is safe and effective when used in accordance

7  with its FDA-approved prescribing information.  Defendants state that the potential effects of

8  Celebrex® were and are adequately described in its FDA-approved prescribing information,

9  which was at all times adequate and comported with applicable standards of care and law.

10  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11  the Complaint.

12  105.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15  effective when used in accordance with its FDA-approved prescribing information.  Defendants

16  state that the potential effects of Celebrex® were and are adequately described in its FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

19  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

20  paragraph of the Complaint.

21  106.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  107.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

2  effective when used in accordance with its FDA-approved prescribing information. Defendants

3  state that the potential effects of Celebrex® were and are adequately described in its FDA-

4  approved prescribing information, which was at all times adequate and comported with

5  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

6  remaining allegations in this paragraph of the Complaint.

7  108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

8  damage, and deny the remaining allegations in this paragraph of the Complaint.

9  109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

10  damage, and deny the remaining allegations in this paragraph of the Complaint.

11       Answering the unnumbered paragraph following Paragraph 109 of the Complaint,

12  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

13  and deny the remaining allegations in this paragraph of the Complaint.

14       **Response to Third Cause of Action: Breach of Express Warranty**

15  110.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

16  Complaint as if fully set forth herein.

17  111.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

20  effective when used in accordance with its FDA-approved prescribing information. Defendants

21  state that the potential effects of Celebrex® were and are adequately described in its FDA-

22  approved prescribing information, which was at all times adequate and comported with

23  applicable standards of care and law. Defendants admit that they provided FDA-approved

24  prescribing information regarding Celebrex®. Defendants deny the remaining allegations in

25  this paragraph of the Complaint.

26  112.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

113.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

117.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

120.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

121.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

124.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    127.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

3    Celebrex® and, therefore, deny the same.    Defendants state that, in the ordinary case,

4    Celebrex® was expected to reach users and consumers without substantial change from the

5    time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6    128.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

9    effective when used in accordance with its FDA-approved prescribing information.  Defendants

10   state that the potential effects of Celebrex® were and are adequately described in its FDA-

11   approved prescribing information, which was at all times adequate and comported with

12   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they

13   breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

14   129.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

15   damage, and deny the remaining allegations in this paragraph of the Complaint.

16   130.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

17   damage, and deny the remaining allegations in this paragraph of the Complaint.

18   131.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

19   damage, and deny the remaining allegations in this paragraph of the Complaint.

20   **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

21   132.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

22   Complaint as if fully set forth herein.

23   133.    Defendants state that this paragraph of the Complaint contains legal contentions to

24   which no response is required.  To the extent that a response is deemed required, Defendants

25   admit that they had duties as are imposed by law but deny having breached such duties.

26   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

27   FDA-approved prescribing information.    Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3    the Complaint.

4    134.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint, including all subparts.

10   135.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Celebrex® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15   the Complaint.

16   136.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19   effective when used in accordance with its FDA-approved prescribing information.  Defendants

20   state that the potential effects of Celebrex® were and are adequately described in its FDA-

21   approved prescribing information, which was at all times adequate and comported with

22   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

23   Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

24   paragraph of the Complaint, including all subparts.

25   137.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants state that the potential effects of

27   Celebrex® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-32-

ANSWER TO COMPLAINT – 3:07-cv-02724-CRB

1   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2   the Complaint.

3   138.    Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6   effective when used in accordance with its FDA-approved prescribing information.  Defendants

7   state that the potential effects of Celebrex® were and are adequately described in its FDA-

8   approved prescribing information, which was at all times adequate and comported with

9   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

10  remaining allegations in this paragraph of the Complaint.

11  139.    Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14  effective when used in accordance with its FDA-approved prescribing information.  Defendants

15  state that the potential effects of Celebrex® were and are adequately described in its FDA-

16  approved prescribing information, which was at all times adequate and comported with

17  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

18  remaining allegations in this paragraph of the Complaint.

19  140.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.  Defendants

23  state that the potential effects of Celebrex® were and are adequately described in its FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26  remaining allegations in this paragraph of the Complaint.

27  141.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

144.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

145.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

146.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Sixth Cause of Action: Unjust Enrichment**

147.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

148.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

149.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

150.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

151.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

152.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

153.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action:**

**State Consumer Fraud and Deceptive Trade Practices Act**

154.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

155.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

157.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

158.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

159.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

160.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

162.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

163.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

164.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

165.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer For Relief

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information, and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Fourth Defense

2   4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

3   Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

4   knowledge at the time the drug was manufactured, marketed, and distributed.

5

### Fifth Defense

6   5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

7   applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

8

### Sixth Defense

9   6.    Plaintiff's action is barred by the statute of repose.

10

### Seventh Defense

11  7.    Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily

12  negligent, actively negligent or otherwise failed to mitigate Plaintiff's damages, and any

13  recovery by Plaintiff should be diminished accordingly.

14

### Eighth Defense

15  8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

16  omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

17  part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

18  liable in any way.

19

### Ninth Defense

20  9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

21  intervening causes for which Defendants cannot be liable.

22

### Tenth Defense

23  10.   Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were

24  proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

25  of God.

26

### Eleventh Defense

27  11.   Defendants affirmatively deny that they violated any duty owed to Plaintiff.

28

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Eighteenth Defense**

18.     Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.     Plaintiff knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.     Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.     Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.     Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.   Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.   Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.   Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.   Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.   To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.   Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of Florida and California, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.   Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Florida and California.  Any law,

statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-first Defense**

41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    any applicable regulatory body, including but not limited to the United States, any state, and

2    any agency thereof.

3    **Forty-eighth Defense**

4    48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the

5    product labeling contained the information that Plaintiff contends should have been provided.

6    **Forty-ninth Defense**

7    49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

8    outweighed its risks.

9    **Fiftieth Defense**

10    50.    Plaintiff's damages, if any, are barred or limited by the payments received from

11    collateral sources.

12    **Fifty-first Defense**

13    51.    Defendants' liability, if any, can only be determined after the percentages of

14    responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

15    any, are determined.    Defendants seek an adjudication of the percentage of fault of the

16    claimants and each and every other person whose fault could have contributed to the alleged

17    injuries and damages, if any, of Plaintiff.

18    **Fifty-second Defense**

19    52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

20    common law gives deference to discretionary actions by the United States Food and Drug

21    Administration under the Federal Food, Drug, and Cosmetic Act.

22    **Fifty-third Defense**

23    53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

24    is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

25    ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's

26    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

27    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

28    and with the specific determinations by FDA specifying the language that should be used in the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the

2  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

3  United States.

4  **Fifty-fourth Defense**

5  54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

6  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

7  **Fifty-fifth Defense**

8  55.    Defendants state on information and belief that the Complaint and each purported cause

9  of action contained therein is barred by the statutes of limitations contained in California Code

10  of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

11  as may apply.

12  **Fifty-sixth Defense**

13  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

14  by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

15  conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against

16  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

17  **Fifty-seventh Defense**

18  57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

19  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

20  Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

21  damages is also barred under California Civil Code § 3294(b).

22  **Fifty-eighth Defense**

23  58.    Plaintiff's fraud-based claims, if any, are not stated with particularity as required by

24  Rule 1.120 of the Florida Rules of Civil Procedure.

25  **Fifty-ninth Defense**

26  59.    Plaintiff's claims are barred because Celebrex® was designed, manufactured, and

27  marketed in accordance with the state of the art at the time of manufacture per § 768.1257,

28  Florida Statutes.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Sixtieth Defense

60.     Celebrex® is not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Celebrex® alleged to have been used by Plaintiff, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

### Sixty-first Defense

61.     Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiff's recovery.  Thus, Defendants are entitled to have their liability to the Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of § 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability.  The persons or entities referred to in this paragraph that are presently unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

### Sixty-second Defense

62.     Plaintiff fails to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

### Sixty-third Defense

63.     FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiff's FDUTPA claim is improper and should be dismissed.

### Sixty-fourth Defense

64.     The acts or practices of which Plaintiff complains were and are required or specifically permitted by federal or state law.  Therefore, Plaintiff's FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-fifth Defense**

65.     Plaintiff lacks standing because Defendants did not engage in deceptive conduct with regard to Plaintiff or otherwise.

**Sixty-sixth Defense**

66.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff take nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendants be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.     That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.     That Defendants have such other and further relief as the Court deems appropriate.

1    October 25, 2007                    GORDON & REES LLP

2

3                                        By:_____/s/_____

4                                            Stuart M. Gordon
                                             sgordon@gordonrees.com
5                                            Embarcadero Center West
                                             275 Battery Street, 20th Floor
6                                            San Francisco, CA 94111
                                             Telephone:  (415) 986-5900
7                                            Fax:  (415) 986-8054

8
     October 25, 2007                    TUCKER ELLIS & WEST LLP
9

10

11                                       By:_____/s/_____

12                                           Michael C. Zellers
                                             michael.zellers@tuckerellis.com
13                                           515 South Flower Street, Suite 4200
                                             Los Angeles, CA 90071
14                                           Telephone:  (213) 430-3400
                                             Fax:  (213) 430-3409
15
                                             Attorneys for Defendants
16                                           PFIZER INC, PHARMACIA
                                             CORPORATION, and G.D. SEARLE
17                                           LLC

18

19

20

21

22

23

24

25

26

27

28

-50-

ANSWER TO COMPLAINT – 3:07-cv-02724-CRB

## JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

October 25, 2007                     GORDON & REES LLP


                                    By:_____/s/_____

                                        Stuart M. Gordon
                                        sgordon@gordonrees.com
                                        Embarcadero Center West
                                        275 Battery Street, 20th Floor
                                        San Francisco, CA  94111
                                        Telephone:  (415) 986-5900
                                        Fax:  (415) 986-8054

October 25, 2007                     TUCKER ELLIS & WEST LLP


                                    By:_____/s/_____

                                        Michael C. Zellers
                                        michael.zellers@tuckerellis.com
                                        515 South Flower Street, Suite 4200
                                        Los Angeles, CA 90071
                                        Telephone:  (213) 430-3400
                                        Fax:  (213) 430-3409

                                        Attorneys for Defendants
                                        PFIZER INC, PHARMACIA
                                        CORPORATION, and G.D. SEARLE
                                        LLC

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**